## RICHARDS *et ux. vs.* FOLSOM.

An authority as *general agent* is sufficient to enable one to make an entry into lands for his principal.

But if it were not, the bringing of a suit by the principal to avail himself of rights acquired under such entry, is a sufficient ratification of the agent's act.

THIS was trespass *quare clausum fregit.* Plea the general issue. The plaintiffs to show title in the close described in the writ, read a deed of mortgage of the same, from the defendant to *Stephen Jones,* the plaintiff's wife's father, whose sole heir she is, dated *Sept.* 8, 1812. Also a deed of the defendant's equity of redemption in the *locus in quo,* by an officer, to *A. L. Raymond,* dated *Oct.* 15, 1823 ; and a deed of said equity of redemption from *Raymond* to *Jones,* dated *July* 15, 1825. The proceedings by the officer were admitted to be regular. Also another deed from the defendant of the same land to *Jones,* dated *July* 12, 1825.

The defendant proved that for the last twenty years he had exclusively mowed and improved the land in question; and that even since his last deed to *Jones* he had mowed the grass and *claimed that part of the land* on which the trespass was alleged to have been committed.

*R. K. Porter, Esq.* called by the plaintiff, testified, that he had the general care of the plaintiff's property in this vicinity, but had no written authority — that in *July,* 1829, he entered upon the lot in question, and upon that part of it on which the trespass was committed with two other persons as witnesses ; but he did

Richards et ux. *v.* Folsom.

not know that the defendant had any notice of such entry — the defendant lived between one and two miles from the premises. He testified further, that he had no special directions from the plaintiffs to enter upon this lot — but that after said entry made by him, and previous to the commencement of this action, he informed *Francis Richards*, the principal agent of the plaintiffs of what he had done, who thereupon advised this suit, and endorsed the writ himself, that *Mr. Porter* might be a witness — *Porter* had seen neither of the plaintiffs since that time.

The defendant upon this evidence contended, that he having been long in the undisturbed possession of the land, the plaintiffs could not maintain trespass against him without an entry by himself, or by some person by his direction.

The *C. Justice* who tried the cause, instructed the jury, that if any entry was necessary, the entry proved to have been made by *Mr. Porter* removed this objection ; and that the action might be maintained for such damages as the plaintiffs had suffered since the said entry up to the time charged in the plaintiffs' declaration.

If the jury were properly instructed, judgment was to be renrendered upon the verdict, which was for the plaintiffs ; but if the Court should be of opinion, that an entry was necessary, and no sufficient entry had been proved, the verdict was to be set aside, and a new trial granted.

*Allen* and *Lowell* for the defendant, contended that actual possession was necessary to entitle one to maintain trespass. *Taylor* v. *Townsend*, 8 *Mass.* 411 ; *Starr* v. *Jackson*, 11 *Mass.* 519 ; *Little* v. *Palister*, 3 *Greenl.* 6.

The defendant was tenant at will. His character of *mortgagor* had ceased — the right in equity having been sold, and the year expired. He could only become a trespasser by being properly ordered out by the true owner. He could not be considered a trespasser merely by remaining, the original entry having been by right.

The entry of *Porter* was insufficient being without authority. We do not contend that it must be in writing, but do contend that there must be some express authority given previous to the entry, or a subsequent ratification. *Robinson* v. *Swett*, 3 *Greenl.* 316.

If the defendant was tenant at will there must be notice to quit. *Ellis* v. *Page,* 1 *Pick.* 43 ; *Rising* v. *Stannard,* 17 *Mass.* 282 ; *Co. Litt.* 57, *a,* 2 *Blk. Com.* 546.

*Greenleaf,* for the plaintiffs.

The relation of mortgagor and mortgagee had ceased between the parties at the time the trespass complained of was committed, though it had once subsisted — neither was the defendant tenant at will nor by the sufferance — but he was a mere trespasser.

The defendant is estopped by his deed to the plaintiffs' ancestor — for after 'foreclosure of the mortgage, the conveyance becomes absolute.

He adverted to *Maine Stat. ch.* 60, as to the effect of the sheriff's sale of the equity. It is to be considered as if the defendant had himself conveyed the right in equity to the mortgagee, because the statute gives this effect to the sheriff's sale.

There was no holding over here either by right or by wrong, because there was no previous tenancy.

The moment he set up a claim to dominion over the soil he became a trespasser.

Where one has given a deed with general warranty, he cannot upon any legal principles, assume the character of a disseisor, and insist upon the duty of making an entry by the owner.

But if an entry be necessary, here is one proved by *Porter* — his general agency was sufficient authority. 4 *Dane's Abr.* 722. Every act that he could do by virtue of verbal authority he was bound to do. *Clark* v. *Moody & al.* 17 *Mass.* 145 ; *Stimpson* v. *Sprague,* 6 *Greenl.* 470. The entry was effectual. *Stearns on Real Actions,* 25, 42, 43. The bringing of the suit was a sufficient ratification of the agent's act. 1 *Dane's Abr.* 296, *sec.* 18 ; 2 *Kent's Com.* 478.

MELLEN C. J. delivered the opinion of the Court.

In this case it is admitted that the title to the *locus in quo* is in the plaintiff : his title was *conditional,* in virtue of the mortgage deed from the defendant to *Stephen Jones,* the father of *Mrs. Richards,* whose sole heir she is : and in *July,* 1825, it became *absolute* by his purchase of *Folsom's* equity of redemption of *Raymond,* who purchased the same at auction on execution. In

1829, the trespass was committed. The counsel for the defendant has contended, that, inasmuch as he has openly and exclusively possessed and improved the *locus in quo* and cut the grass ever since the mortgage deed was given, the plaintiff cannot maintain the present action. From the time the mortgage deed was given in 1812, to *October*, 1823, the mortgage existed, and the defendant possessed and improved the land as mortgager ; during all which time his possession, instead of being *adverse* to the plaintiff's title, was in submission to it ; and, indeed, was in legal contemplation, the possession of the plaintiff. It is true that a person must have possession of land, in order to maintain an action of trespass *quare clausum fregit*. This is the general principle ; but in the present case, as between the plaintiff and defendant, we are inclined to think that the latter may be considered as in possession, under his title deeds, so far as to enable him to maintain the action against the *defendant*, if he could not against any *other* person. We do not, however, place our decision on this ground, because, if we admit that the defendant's possession has been adverse to the plaintiff's title, ever since the estate became absolute in him, and that an entry was necessary to regain the possession and enable him to maintain the present action, we are satisfied that the entry made by Mr. *Porter*, before the commencement of the action, was sufficient for the purpose. He was the agent of the plaintiff, having the care of his lands, for the very purpose of protecting his rights and superintending his property. His authority was of a general character. He was not *specially* authorized to make this entry, but, if it was a necessary step to enable the plaintiff to maintain actions against trespassers, then it was an act within the scope of his general power and authority. If an attorney is authorized to commence an action, he is thereby authorized to indorse the writ for the plaintiff. In addition to all this, we find the plaintiff, for whose benefit the entry was made, ratifying the act, by prosecuting this action to recover those damages, which the counsel for the defendant contends, could not be recovered without a legal entry previously made for the purpose of regaining the possession. Viewing the cause in this light, we are satisfied the action is well maintained.

*Judgment on the verdict.*